No. 24,615.

THE STATE OF KANSAS, ex rel. RICHARD J. HOPKINS, as Attorney-general, *Plaintiff*, v. SCHOOL DISTRICT No. 2, COUNTY OF SUMNER, et al., *Defendants.*

SYLLABUS BY THE COURT.

1. SCHOOL DISTRICT—*Organization of High School.* Chapter 276 of the Laws of 1919 does not provide for the organization of high schools.

2. SAME—*Annual Meeting—No Power to Prescribe Course of Study.* The annual meeting of a school district does not have power to prescribe a course of study that must be carried into execution by the school board.

3. SAME—*Cannot Be Compelled to Follow Full Four-year High-school Course of Study.* A school district cannot be compelled to follow the full four-year high-school course of study prescribed by the state board of education under section 8872 of the General Statutes of 1915.

Original proceeding in mandamus.. Opinion filed October 7, 1922. Motion to quash allowed; peremptory writ denied.

*Richard J. Hopkins,* attorney-general, *Dennis Madden,* and *W. C. Ralston,* assistant attorneys-general, for the plaintiff.

*W. W. Schwinn, E. J. Taggart,* and *John Bradley,* all of Wellington, for the defendants.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff seeks to compel the defendants, school district No. 2 of the county of Sumner, and the director, clerk, and treasurer of the district to maintain a university preparatory high school as provided by chapter 276 of the Laws of 1919, in accordance with the vote of the annual meeting of the school district. An alternative writ of mandamus has been issued. The case is presented on a motion to quash the writ.

The writ alleges that school district No. 2 is regularly organized; that the defendants, Charles Alter, W. E. Bartlett, and L. L. Con-

The State, *ex rel.*, v. School District.

stant, are respectively director, treasurer, and clerk of the district; that in 1919 the district was organized into a standard county high school under the provisions of chapter 276 of the Laws of 1919; that during the year 1920 and 1921 such a high school was conducted, and the district participated in the high-school fund raised as provided for in that act; that at the annual school meeting of the district, held April 14, 1922, it was voted that the school be maintained at its present standard and for a term of nine months beginning September 5, 1922; and that the board resolved to conduct a high school with a three-year course of study instead of one with a four-year course.

1. Could the district be organized into a standard county high school under chapter 276 of the Laws of 1919? That chapter does not provide for the organization of any kind of school. It provides for the levy and distribution of taxes for the support of high schools.

2. Did the annual school meeting have power to direct the school board to maintain a four-year high-school course of study? To answer this question, it is necessary to ascertain the powers of an annual school meeting. They are given in sections 8913 and 8914 of the General Statutes of 1915, which read as follows:

"The inhabitants qualified to vote at a school meeting lawfully assembled shall have power: First, to appoint a chairman to preside over said meeting in the absence of the director; second, to adjourn from time to time; third, to choose a director, clerk and treasurer, who shall possess the qualifications of voters; fourth, to designate by vote a site for a district schoolhouse; fifth, to vote a sum annually not exceeding the limit fixed by law, as the meeting shall deem sufficient, for the various school purposes and for the payment of any floating indebtedness of the district, and distribute the amount as the meeting shall deem proper in the payment of teachers' wages, and to purchase or lease a site (provided, when not included within the limits of a town or village, said site shall not contain less than one acre), and to build, hire or purchase such schoolhouse, and to keep in repair and furnish the same with the necessary fuel and appendages, and to pay any floating indebtedness of the school district; sixth, to authorize and direct the sale of any schoolhouse, site or other property belonging to the district when the same shall not longer be needful for the use of the district; seventh, to give such direction and make such provision as may be deemed necessary in relation to prosecution or defense of any suit or proceedings in which the district may be a party." (§ 8913.)

"The qualified voters at each annual meeting or any special meeting duly called, may determine the length of time a·school shall be taught in their district for the ensuing year, which shall not be less than three months, and whether the school money to which the district may be entitled shall be ap-

plied to the support of the summer or winter term of school, or a certain portion of each; but if such matters shall not be determined at the annual or any special meeting, it shall be the duty of the district board to determine the same." (§ 8914.)

The length of time that a school must be maintained is not controlled by section 8914, but is controlled by section 9427 and subsequent sections. These require that seven months' school shall be maintained in each school district except in cities of the first and second class, where eight months of school must be maintained.

Section 8985 reads:

"That in each and every school district shall be taught orthography, reading, writing, English grammar, geography, arithmetic, history of the United States, and history of the state of Kansas, and such other branches as may be determined by the district board: *Provided,* That the instruction given shall be in the English language."

Two other sections of the statute must be noticed. They are sections 9034 and 9449. They read:

"No certificate shall be granted to any person to teach in any of the public schools of this state after the first of January, eighteen hundred and eighty-six, who has not passed a satisfactory examination in the elements of physiology and hygiene, with special reference to the effects of alcohol stimulants and narcotics upon the human system; and provisions shall be made by the proper officers, committees and boards for instructing all pupils in each public school supported by public money and under state control upon the aforesaid topics." (§ 9034.)

"That September 28, or the school day in each year hereafter nearest to said date, shall be set apart and designated as 'Frances Willard day'; and, in every public school in the state of Kansas, one-quarter of the school day shall be set apart for instruction and appropriate exercises relative to the history and benefits of the prohibitory amendment to the constitution and the prohibitory laws of the state of Kansas. It shall be the duty of all state, county, city, and school-district officers, and of all public-school teachers in the state, to carry out the provisions of this act." (§ 9449.)

So far as these statutes are concerned, the school board has the power to say what shall be taught in the district school, except that the statutes command that certain things must be taught.

3. Can a school district be compelled to follow the full four-year high-school course of study prescribed by the state board of education under section 8872 of the General Statutes of 1915? The plaintiff in its brief contends that this can be done, but there is no allegation in the alternative writ on which the contention can be based.

Section 8872 reads:

"The state board of education shall meet at such times and places as may be determined by them and at the call of the state superintendent of public instruction. The board shall prescribe courses of study for the public schools of the state, including the common or district schools, the graded schools, and the high schools; they shall also prepare a course of study for the normal institutes; and they shall revise the several courses of study when in their judgment such revision is desirable; they shall have authority to make rules and regulations relating to the observance of the prescribed courses of study; and they shall also issue state teacher's certificates under such regulations, not inconsistent with law, as the state board may determine." (§ 8872.)

Does this statute have the effect of repealing the statute giving to the school board power to say what subjects shall be taught outside those named in sections 8985, 9034, and 9449? There is nothing in section 8872 to indicate that the annual school meeting or the school board is divested of any authority held by either prior to the enactment of that section. Within narrow limits, the annual meeting has power to determine the length of time the school shall be taught. All districts must maintain a seven-months school, but some may desire and maintain a longer term. A rigid course of study requiring a certain number of months in the year for a number of years to complete, cannot be complied with by all school districts. Some districts maintain high schools whose graduates are admitted to the state university without examination; others do not and cannot do so. There is nothing in the statute to indicate that those districts which do not desire or cannot maintain such a school may be compelled to do so. Funds must be raised by taxation for the purpose of maintaining schools. In school districts, the annual meeting votes the tax. After provision is made for instruction in the subjects named in the statutes for the prescribed length of time, there is no power anywhere to compel a school district to levy taxes for the purpose of furnishing instruction in any other branch or for any other length of time.

Part of section 9428 of the General Statutes of 1915 may be of assistance in reaching a conclusion on this proposition. That part reads:

"All districts receiving aid under the provisions of this act shall follow the course of study as prescribed by the state board of education and shall employ a qualified teacher recommended by the county superintendent."

The aid referred to is that given to those districts which are not able to raise funds sufficient to carry on a school for seven months.

This direction to those districts implies that districts which are able to raise funds with which to maintain their schools are not compelled to follow the course of study prescribed by the state board of education.

The case is submitted for final judgment on the motion to quash. That motion is allowed, and the application for a peremptory writ of mandamus is denied.