Engstrom v. City of Wichita.

No. 26,716.

John H. Engstrom, *Appellee,* v. City of Wichita et al.,
*Appellants.*

SYLLABUS BY THE COURT.

1. Municipal Corporations—*Improvement of Streets—Benefit Districts—Creation from Property Subject to Diminution.* Where a city appropriated part of a small parcel of land to widen a city street, the erection of a benefit district to pay the total cost of the improvement, which district was exclusively comprised of the remainder of the small tract of land subjected to diminution by the condemnation proceedings, was *prima facie* unreasonable, and in the absence of some persuasive showing of facts or circumstances warranting such action, a judgment of the trial court enjoining the city from further proceedings thereunder will not be disturbed.

2. Election of Remedies—*Appeal from Condemnation Award—Suit to Restrain Proceedings—Inconsistency.* The institution of an injunction suit to restrain arbitrary and unreasonable proceedings undertaken to create a benefit district to pay the cost of widening a street and to pay for the private property condemned for that purpose is not inconsistent with an appeal from the award allowed to the party whose land was subjected to condemnation in such proceedings.

Appeal from Sedgwick district court, division No. 4; A. Mills Ebright, judge. Opinion filed May 8, 1926. Affirmed.

*Robert C. Foulston* and *George Siefkin,* both of Wichita, for the appellants.
*Charles G. Yankey, John L. Gleason* and *Kenneth K. Cox,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was an action to enjoin proceedings to create a benefit district in Wichita to pay for property taken to widen a street.

The plaintiff owned a small tract of land in the city of Wichita bounded on the west by a narrow street named Fountain avenue. The city appropriated a strip of land off the west side of plaintiff's land for the purpose of widening Fountain avenue and awarded plaintiff $2,000 as damages for the land taken. It assessed $1,500 against the remainder of plaintiff's land as benefits; and to raise the money to pay the excess damages over benefits it erected a special benefit district consisting only of plaintiff's remaining land.

Plaintiff appealed from the award of damages; and brought the

Election of Remedies, 20 C. J. p. 10 n. 72. Municipal Corporations, 28 Cyc. pp. 1162 n. 17, 1186 n. 28.

present suit to enjoin the city from proceeding with the matters incidental to and dependent upon the benefit district so created.

The cause was tried on an agreed statement of facts, and the district court found that the city had acted unreasonably and granted the injunction prayed for.

The city appeals, contending that the case is governed by the general rule that courts should not enjoin acts of city governments except in a clear case of abuse of discretion. Plaintiff contends that the present case falls within the exception which is part of the rule itself.

The record presented to us does not show exactly how much land plaintiff had which was affected by the proceedings, but it may fairly be inferred from the abstracts and briefs that it was less in extent than an ordinary city block—perhaps an acre or so in extent. It is bounded on the west by this narrow street, Fountain avenue, and on the east by some street about 150 feet east of and parallel to Fountain avenue.

It is not remarkable that the trial court should conclude that it was unreasonable—in effect an arbitrary abuse of discretion—to take a considerable part of plaintiff's land for public use and then subject the remaining portion of it to the payment of *all* the damages for the land thus taken. If nobody thereabout other than plaintiff was to be benefited by the widening of the street, the widening of Fountain avenue was a mere capricious meddling with plaintiff's property. If the widening of the street was of benefit to other nearby property, and it seems logically impossible that it could have been otherwise, then it was arbitrary and unreasonable to create a benefit district solely of plaintiff's property and to relieve from the burden by exclusion from the district the other nearby property which was similarly benefited. (*Norwood v. Baker*, 172 U. S. 269, and Rose's notes thereto in 43 L. Ed. 443, *et seq.*)

This conclusion does no violence to the general principle of law contended for by defendants. Nor is it a sufficient defense for the seemingly unreasonable action of the city to argue that the benefited property across the street should bear no portion of the burden, for the reason that the narrow street already existing had been dedicated from the property on the west. There was neither evidence nor stipulation covering that point; and on the scant record submitted to us this argued fact does not appear; nor would it, if true, justify the erection of a district comprised of no other property

than plaintiff's to bear the burden of this public improvement. It is also urged by defendants that by appealing from the award of condemnation, plaintiff made an election of remedies which precludes him from seeking redress by injunction. But the appeal from the award could only concern itself with incidents of the award, its inadequacy, invalidity or irregularity of the proceedings pertaining thereto, and matters of that sort. In such appeal the unreasonable conduct of the defendants in making a benefit district exclusively out of the mere remnant of plaintiff's property to raise revenues to pay plaintiff for the portion of his land taken by condemnation could not be properly drawn in question. This injunction action was sanctioned by statute (60-1121), and its maintenance was not inconsistent with his appeal from the award in the condemnation proceedings.

The judgment is affirmed.