No. 27,304.

R. Jackson, *Appellee*, v. Joint Consolidated School District No. 1 and George Columbia, as County Treasurer of Labette County, *Appellants*.

SYLLABUS BY THE COURT.

1. Schools—*Taxation—Enjoining Excessive Levy.* The tax levy for the support of a joint consolidated school district should be based upon the amount of money which it will cost to conduct such school, as determined by the electors at the annual school meeting, limited by the statutory maximum levy authorized for such purpose; and any levy ordered or recommended by the school board of such district and approved and imposed by the board of county commissioners in excess of the statutory maximum may be enjoined by a taxpayer affected by such illegal levy in an action instituted by him under authority of section 265 of the civil code, R. S. 60-1121.

2. Same—*Taxation—Various Statutes Considered.* Various statutes cited and relied on by defendant examined and held not susceptible of an interpretation that they or either of them gave any basis of legality for the tax complained of.

Constitutional Law, 12 C. J. p. 887 n. 38. Schools and School Districts, 35 Cyc. pp. 849 n. 90, 850 n. 94, 1001 n. 93, 1002 n. 7, 1010 n. 83, 1050 n. 7.

Appeal from Labette district court; WILLIAM D. ATKINSON, judge. Opinion filed April 9, 1927. Affirmed.

J. A. Brady, of Cherryvale, and T. F. Morrison, of Chanute, for appellant Joint Consolidated School District No. 1.

Sullivan Lomax and O. W. Lomax, both of Cherryvale, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Plaintiff, a resident taxpayer of Labette county, who owns land within the limits of Joint Consolidated School District No. 1, comprised of portions of Labette, Montgomery, Neosho and Wilson counties, brought this action against that district to enjoin a certain tax levied on its behalf.

The county treasurer of Labette county, as the principal taxing official concerned in the district's fiscal affairs, was also made defendant.

Plaintiff's real property affected by the questioned tax is situated in Labette county.

At the annual meeting in the defendant school district in April, 1925, the electors voted to raise $6,500 for general school purposes, which fact was duly certified to the county clerk of Labette county and a general school tax levied pursuant thereto as the statutes provide.    (R. S. 72-406, 72-1005, 72-1031, 79-1934.)

Some ten days later the three members of the school board met and of their own volition "voted" a tax levy of 6¾ mills for highschool purposes.  The clerk of the board certified this levy "as 8¾ mills," and the board of county commissioners partly acquiesced in this action by levying a tax of 6 mills as a high-school tax.

It is the validity of this 6-mill tax levy which plaintiff challenged in this action.

The trial court held the questioned tax to be illegal and enjoined its collection.

The defendant school district appeals, contending that the tax was authorized under the Barnes law (R. S. 72-3001, et seq.), that a portion of a county may adopt that law, and that the action of the electors whereby the defendant district was organized was in legal effect such an adoption of the Barnes law.

This contention is altogether incorrect.  While the Barnes law may be adopted so as to apply to part of a county, it is not put into effect by the means by which a consolidated school district is cre-

Jackson v. Joint Consolidated School District.

ated. Defendant district was created under R. S. 72-901 *et seq.* And this district was not organized for the purpose of conducting a high school, but for the purpose of conducting a better common school than was theretofore practicable by the separate school districts which were merged into this consolidated district. A consolidated school district in legal effect is simply a common school district, neither more nor less. (R. S. 72-905; 72-915.) It is immaterial that the electors of this defendant district may have hoped, planned, or anticipated that by such consolidation the new district would be able to establish and maintain a high-school course or that the legal notices and announcements contained intimations to that effect. And of course there is no legal objection to the teaching of high-school subjects in the defendant's school or any other common school district if it can provide the financial means to do so within the maximum tax levies permitted by law. (R. S. 72-102; 72-1101, *et seq.;* 72-3008; *State, ex rel., v. School District,* 112 Kan. 66, 69, 209 Pac. 665.) The electors of a consolidated school district as such, or the electors of a number of school districts proposing to merge them into a consolidated district, have nothing to do with the adoption of the Barnes law. The legal machinery for its adoption is set in motion by an altogether different initiative. That process is under the auspices of the county, by a vote taken at the general county election, and the vote canvassed and declared by county commissioners. (R. S. 72-3017.) The tax authorized to be raised under the Barnes law is not to be computed and authorized or ordered by the school board of a district, consolidated or any other, claiming a right to a contribution for high-school support under the Barnes law. The county superintendent has to make the estimates (R. S. 72-3005, 72-3010) for the tax under the Barnes law, based upon the data supplied to him by the principals of the high schools which may claim or be entitled to support under its terms (R. S. 72-3004), and the county commissioners make the levy pursuant thereto (R. S. 72-3010).

According to the record before us and the trial court's unchallenged findings of fact the levy of six mills under present scrutiny was not even remotely related to any levy sanctioned under the Barnes law, nor has it been made to appear in this record that the Barnes law was ever adopted in Labette county or some part of Labette county in conformity with its statutory terms. Be that as

it may, the Barnes law gave no sanction for this six-mill tax levy on plaintiff's property in Labette county.

It is said, however, that in Wilson and Neosho counties the Barnes law is in operation and that it seems incongruous that the part of this defendant district lying within Labette county should not be under the Barnes law while other parts of this district are under the law. But whatever incongruity there may be is for the legislature to put to rights; it cannot be corrected by judicial edict.

Defendant also calls attention to chapter 237 of the Laws of 1925, authorizing the high-school board of each rural high-school district to make a levy not exceeding six mills on the dollar to pay teachers, etc. However, this defendant district is not a rural high-school district. A rural high-school district is a distinct school organization (R. S. 72-3501), overlapping but not disturbing a number of common-school districts, designed to furnish academic or secondary education, and to link the common schools of the state with the university and the other state institutions of higher learning. Obviously the action of the defendant school board cannot be justified under the act of 1925.

It is finally urged that plaintiff cannot question the validity of the defendant's school organization. Quite true. And he does not question it. He merely questions the legality of this six mills tax. He has express statutory right to do so. (R. S. 60-1121.) At almost every sitting of this court judgments are rendered in vindication of the right of a private taxpayer to maintain an action to prevent the imposition of an illegal tax, or to prevent public officials from undertaking some project beyond their statutory powers which would necessarily result in increasing the burdens of the private taxpayer. (See *Engstrom v. City of Wichita,* 121 Kan. 122, 245 Pac. 1033; *Keplinger v. Kansas City,* 122 Kan. 158, 251 Pac. 413; *Atchison, T. & S. F. Rly. Co. v. City of Kingman,* 122 Kan. 504 and citations, 252 Pac. 220; *Darby v. Otterman,* 122 Kan. 603, 252 Pac. 903.)

The judgment is affirmed.