No. 28,074.

School District No. 22 et al., in Stafford County, *Plaintiffs*, v. Violet Hahn, County Clerk of Stafford County, *Defendant*.

(267 Pac. 28.)

Opinion filed May 5, 1928.

*Robert Garvin, Evart Garvin,* both of St. John, *R. F. Crick* and *M. C. Bucklin,* both of Pratt, for the plaintiffs.

*William Davison,* county attorney, for the defendant; *Paul R. Nagle* and *Arthur R. Gates,* both of St. John, of counsel.

The opinion of the court was delivered by

Burch, J.: The action is one of mandamus to compel the county clerk of Stafford county to extend on the tax rolls a levy of taxes for support of a Barnes high school.

Authority is given to the board of county commissioners of a county maintaining Barnes high schools to levy a tax each year of not less than one-fourth of a mill nor more than four and one-half mills on the dollar on the assessed valuation of the taxable property within the county, for the purpose of creating a high-school fund. (R. S. 72-3001.) The county superintendent certified an estimate of funds equal to $1,200 multiplied by 42, the number of teachers in the county, pursuant to R. S. 72-3005 as amended by chapter 235 of the Laws of 1925. The amount was within the limitation on amount of levy contained in R. S. 72-3001. R. S. 72-3001 is a valid enactment, because it is complete in itself, and was duly enacted by the legislature of 1923. For the same reason R. S. 72-3005 was a valid enactment, and chapter 235 of the Laws of 1925 was constitutionally enacted.

R. S. 79-1918 and 79-1919 read as follows:

"That the authority of the board of county commissioners of each county as provided in chapter 397 of the Session Laws of 1905, to levy annually a tax by means of which is raised the necessary funds for the support of the high schools provided for by said chapter 397 of the Session Laws of 1905, is hereby limited so that the board shall not levy in excess of one and three and one-half tenths of a mill upon all taxable property in the county, or in that part of the county subject to taxation for the support of high schools established pursuant to Laws 1905, chapter 397, as amended: *Provided,* That this act shall not apply to counties having a valuation in excess of twenty-eight million dollars, except such counties or parts of counties as have a population in excess of 25,000 and as support eight or more high schools established pursuant to said Laws 1905, chapter 397, as amended.

"The authority of the board of county commissioners of each county, as provided in chapter 397 of the Session Laws of 1905, to levy annually a tax by means of which is raised the necessary funds for the support of the high schools provided for by said chapter 397 of the Session Laws of 1905, is hereby limited so that the said board shall not levy in excess of one and three and one-half tenths mills upon all taxable property: *Provided,* That this section shall not apply to counties having a valuation in excess of forty-five million dollars."

Stafford county, which maintains its high schools under the Barnes law, has a population of 10,696, and a property valuation of $30,819,527. Conceiving that R. S. 79-1918 and 79-1919 applied, the commissioners made a levy of 1.35 mills, which would produce a fund amounting to much less than $1,200 per teacher. The county superintendent then made a levy of 1.74 mills, which would produce the necessary fund. The county clerk refused to extend the

levy, and this action was commenced to procure an interpretation of the statutes.

Sections 1 and 2 of chapter 267 of the Laws of 1927 read as follows:

"The authority of the board of county commissioners of each county having a valuation of more than forty million dollars ($40,000,000), as provided in chapter 397 of the Session Laws of 1905, to levy annually a tax by means of which to raise the necessary funds for the support of the high schools provided for by said chapter 397 of the Laws of 1905 is hereby limited so that the said board shall not levy in excess of one and three and one-half tenths of a mill upon all taxable property in such county.

"Sections 72-3012, 79-1918 and 79-1919 of the Revised Statutes of 1923 be and the same are hereby repealed."

The county clerk contends this statute is void under the decision in the case of *Atchison, T. & S. F. Rly. Co. v. Board of Education*, 123 Kan. 378, 255 Pac. 60. The contention is well founded. Under the same decision, however, R. S. 79-1918 and 79-1919 are invalid. They cannot stand alone, as does R. S. 72-3001. They are taxation statutes which attempt to amend a school law found in another statute book, which has itself been amended many times, and the method of amendment is to strike out part of the law, insert a substituted provision, and leave the remainder standing. The result is confusion in legislation, which section 16 of article 2 of the constitution sought to forestall.

The levy made by the county superintendent should have been extended on the tax rolls, and the writ is allowed.