No. 31,017.

THE KANSAS CITY SOUTHERN RAILWAY COMPANY, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CRAWFORD, SCHOOL DISTRICT No. 47, and CHARLES C. EVERITT, as County Treasurer, etc., *Appellees* (SCHOOL DISTRICT No. 95, of Crawford County, *Defendant*).

(20 **P.** 2d 501.)

Opinion filed April 8, 1933.

*P. E. Nulton, G. L. Stevenson,* both of Pittsburg, *Frank H. Moore, Cyrus Crane* and *A. F. Smith,* all of Kansas City, Mo., for the appellant.

*T. J. Karr* and *George F. Beezley,* both of Girard, for the appellees; *Emma M. Karr* and *Robert O. Karr,* both of Girard, of counsel.

The opinion of the court was delivered by

HARVEY, J.: This is an action to recover taxes paid under protest. The trial court sustained a demurrer to plaintiff's petition, and it has appealed.

Briefly stated, the petition alleged that school district No. 47, otherwise known as the board of education of the city of Frontenac, a city of the second class, in Crawford county, in the year 1929, pretending to act under the authority of chapter 333 of the Laws of 1927 (R. S. 1931 Supp. 79-1932), levied a tax upon all the taxable property in the district, including plaintiff's, of six mills on the dollar, for the purpose of paying a floating indebtedness of $10,000 or more then existing. This was in addition to a tax levied of sixteen mills on the dollar for the support of the school and of two mills on the dollar for the purchase of sites and for the construction and repair of school buildings. The petition alleged that the six-mill levy for paying the floating indebtedness produced a tax on plaintiff's property in the district of $407.85; that this levy was unauthorized, and the tax sought to be collected thereunder was void for the rea-

son that the floating indebtedness of the school district at the time the statute above cited went into effect had been paid before 1929, and that any floating indebtedness existing at the time of the levy made in 1929 was created after the statute in question went into effect; that to prevent the issue of a tax warrant plaintiff paid the first half of this alleged illegal tax on December 19, 1929, and the second half on July 19, 1930, both payments being made under a protest in writing setting forth plaintiff's contention that the tax was illegal for the reasons above stated.

We pass for the present an argument as to the validity of chapter 333 of the Laws of 1927 (R. S. 1931 Supp. 79-1932) and shall determine first the soundness of plaintiff's contention above stated.

Chapter 333 of the Laws of 1927 (R. S. 1931 Supp. 79-1932) provides that boards of education of cities of the second class, such as Frontenac, in levying taxes shall not fix a rate for the respective purposes in excess of sixteen mills for the support of the schools of the city and of two mills for the purchase of sites and for the construction and repair of school buildings:

*"Provided,* That in cities of the second class in which the schools have a floating indebtedness of $10,000 or more the board of education may, in addition to said levy for the support of said schools and for building purposes and repair of school buildings, levy not in excess of six mills for the payment of said indebtedness until said indebtedness is paid."

Appellant contends this statute applies only to floating indebtedness which existed at the time the statute was enacted and took effect, which was March 7, 1927; that it authorized the levy of a tax in 1927 to pay a floating indebtedness then existing, but that it did not authorize the board of education to create a floating indebtedness at a later date for which it might levy a tax of six mills in 1929, and that to so construe the statute would tend to authorize extravagant expenditures, resulting in new and increased floating indebtedness in excess of $10,000 each year, and would amount to authorizing the board of education to levy and collect a tax of twenty-two mills on the dollar each year for general purposes instead of sixteen as limited by the statute.

It will be noted that the proviso of the statute above quoted is in the present tense. It clearly applies to a then existing floating indebtedness. It is clear the legislature did not intend that the board of education should levy twenty-two mills year after year for general school purposes. If it had so intended it would not have fixed

a sixteen-mill limit for such purposes. The obvious purpose was to limit the normal levy year after year to sixteen mills, but to clean up floating indebtedness, if such indebtedness in excess of $10,000 existed; and to enable the normal levy to be used for general school purposes, the additional levy of six mills was authorized "for the payment of said indebtedness" and only "until said indebtedness is paid." It applied only to those schools which "have a floating indebtedness of $10,000 or more," and only until that was paid. It does not apply to schools which did not have such an indebtedness, or, having one, paid it and later created another. The contention of the appellant on that point is well taken and the reasoning is sound.

Plaintiff further alleged that in July, 1930, it presented its application to the state tax commission for relief from this tax; that such commission, after a hearing, and on October 25, 1930, held the tax of $407.85 to be illegal, and ordered the board of county commissioners to refund that sum to plaintiff, which order was not complied with; that thereafter plaintiff filed its written claim and demand with the board of county commissioners for a refund of the amount paid for such illegal tax, and that the claim has been denied. The demurrer to plaintiff's petition should have been overruled.

On the hearing of the demurrer to the original petition and of a motion to make the petition more definite by attaching thereto a copy of the written protest, defendant suggested that chapter 333 of the Laws of 1927 (R. S. 1931 Supp. 79-1932) is void under the authority of *Atchison, T. & S. F. Rly. Co. v. Board of Education,* 123 Kan. 378, 255 Pac. 60, and *School District v. Hahn,* 126 Kan. 117, 267 Pac. 28. Whereupon plaintiff, with leave of court, filed an amended petition incorporating therein a paragraph alleging the invalidity of the statute, but contending that the tax sought to be recovered had been illegally levied and collected irrespective of whether the statute in question was valid.

Our constitution (art. 11, § 4) provides:

"No tax shall be levied except in pursuance of a law, which shall distinctly state the object of the same; to which object only such tax shall be applied."

Chapter 333 of the Laws of 1927 (R. S. 1931 Supp. 79-1932) is the only statute which purports to authorize the board of education to levy a tax of six mills on the dollar for the paying of a floating indebtedness. If it should be held to be invalid, then there is no statute which authorizes the levy of the tax sought to be recovered in

this action. Hence, a determination of the validity of that statute could not be helpful to defendants. It is therefore unnecessary to decide in this case the question of . the validity of that statute. Neither do we find it necessary to decide a number of other questions argued in the briefs.

The judgment of the court below is reversed, with directions to overrule the demurrer.