No. 35,415

JOINT CONSOLIDATED SCHOOL DISTRICT NO. 1, OF NEOSHO, LABETTE, WILSON and MONTGOMERY COUNTIES (LOCATED AT MOREHEAD), *Plaintiff*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF NEOSHO, JOHN HARGRAVE et al., Commissioners, *Defendants*.

(117 P. 2d 584)

Opinion filed October 11, 1941.

*James A. Brady,* of Cherryvale, for the plaintiff.
*John C. McCall,* of Chanute, for the defendants.

The opinion of the court was delivered by

THIELE, J.: This is an original proceeding in mandamus to compel an apportionment of school moneys raised in Neosho county under the so-called Barnes law, being chapter 397 of the Laws of 1905, as amended and now appearing as G. S. 1935, ch. 72, art. 30, and G. S. 1939 Supp. ch. 72, art. 30, in such manner that the plaintiff may participate therein. There is no dispute of fact.

The plaintiff district is a common-school district, the territory embraced within its boundaries being located in Neosho, Labette, Wilson and Montogomery counties. In addition to the usual common school of eight grades, the district maintains a four-year high school, classified as a class "C" high school. The building in which the school is conducted is situated in Labette county, and the district is under the supervision of the county superintendent of that county. The provisions of the Barnes law have been adopted in Neosho county and Wilson county, but not in Labette county and Montgomery county.

The statute, G. S. 1939 Supp. 72-3005, requires the county super-

intendent of counties operating under the Barnes law to certify the number of teachers employed in the several high schools of the county and the county commissioners to levy a tax, as therein provided. In July, 1941, the county superintendent of Neosho county prepared two certificates setting forth the number of teachers employed in the several high schools of the county. Each of these certificates showed the same number of teachers, not including those in the plaintiff district, and that computed on the statutory basis, the levy should raise the sum of $95,800. One certificate, however, contained an additional paragraph referring to the plaintiff district and stating that the county superintendent of Labette county had certified $1,939.91 as Neosho county's part of the plaintiff's high school fund, and that the entire total to be raised was $97,739.91. Upon consideration of the two certificates, the county commissioners of Neosho county made a levy based on the first certificate, which included nothing for the plaintiff district.

The purpose of this action is to compel the county commissioners of Neosho county to make a levy based on the second certificate, the effect of which, if done, will be to permit the plaintiff district to participate in the funds raised in Neosho county under the Barnes law. The substance of the contentions of the county commissioners is that under the statutes as now in force that may not be done.

There is no doubt that the plaintiff district may maintain a high school (*Jackson v. Joint Consolidated School District*, 123 Kan. 325, 255 Pac. 87) and that it does so is conceded. If the plaintiff district is permitted to participate in and be apportioned any of the moneys raised in Neosho county, it is by reason of the provisions of the Barnes law, to which reference is hereafter made.

For many years prior to 1939 it was provided by the statute appearing as G. S. 1935, 72-3007, that whenever any high school meeting the requirements of the Barnes law should be maintained in any joint school district, any part of which should lie in any county in which the provisions of the Barnes law were in force, and part in a county where that law was not in force, it was the duty of the county superintendent having jurisdiction over the joint district to make an equitable apportionment of the teachers employed, based on attendance of pupils residing in the county where the Barnes law was in force, and to certify that apportionment, with certain other required information, to the county superintendent of the county where the Barnes law was in force, as a result of which, under speci-

fied statutory procedure, there was an apportionment to the joint school district of the fund raised under the Barnes law in the county where it was in force. We are informed that under this statute, the plaintiff district did participate in the fund raised in Neosho county under the Barnes law. In 1939, however, the statute was amended in such manner as to make a radical change insofar as the situation before us is concerned.

G. S. 1935, 72-3007, heretofore referred to, was amended and repealed by Laws 1939, ch. 255, which now appears as G. S. 1939 Supp. 72-3007.

Plaintiff presents a contention that the last act is unconstitutional in that it amends the original law by striking out and by inserting a substituting provision and leaving the remainder stand, citing in support School District v. Hahn, 126 Kan. 117, 119, 267 Pac. 28. The statutes considered in that case violated the constitutional provision concerning amendment of a law unless the new law contain the sections amended and repeal the amended sections (Const., art. 2, sec. 16). The statute and section under consideration here are in accord with the constitutional provision and the plaintiff's contention cannot be sustained.

The first sentence of the section now in force refers to a high school maintained in a joint district lying in two or more counties in each of which the Barnes law is in force and contains the same provisions as were in the repealed section. That portion of the new section need not be noticed further; it is inapplicable in the case before us for the reason that in two of the counties in which the joint district lies the Barnes law is not in force. For that reason we need not discuss certain contentions of the plaintiff district based on language used in that first sentence. The second sentence, for our purposes, reads:

"Whenever any high-school meeting the requirements of [the Barnes law] shall be maintained in any joint school district . . . any part of which district shall lie in any county in which the provisions of [the Barnes law] shall be in force, with the high school situated in such county and under the supervision of the county superintendent thereof (such county hereinafter to be known and designated as county A) and part in a county in which said law is not in force (hereinafter to be known and designated as county B), it shall be the duty of the county superintendent of county A to notify the county superintendent of county B on or before July 25 of each year of the levy made in county A under the provisions of [the Barnes law] for the support of high schools in said county."

The remainder of the section provides for the levy of taxes and the apportionment between such counties and need not be noticed further. There is no other statutory provision for apportionment.

Plaintiff contends that it is entitled to an apportionment under the last mentioned provision; that the fact its building is in Labette county and not in Neosho county is not the test; that the words "with the high school situated in such county" refer to the district and not to the building, and that plaintiff district is within the purview of that portion of the section. We cannot agree for two reasons. First, the words "high school" as used in the quotation last made, must refer to the building or they are surplusage and meaningless, for the language used shows that that part of the section applies only to a joint district whose territory lies in two or more counties. Second, the words referred to cannot be isolated from the words immediately following. The entire phrase is: "with the high school situated in such county and under the supervision of the county superintendent thereof." It is conceded, as it must be, that the joint district is under the supervision of the county superintendent of Labette county. Notwithstanding the joint district maintains a high school, legally it is a common-school district (*Jackson v. Joint Consolidated School District,* supra) and is under the supervision and control of the superintendent of the county in which the main school building is located. (G. S. 1935, 72-305.) The joint district is not under the supervision of the county superintendent of Neosho county, as it must be for the section to have operation. With such a situation of facts, the plaintiff district is expressly excluded from participation under the second sentence of the section under consideration.

Our attention is not directed to any other statutory provision which would compel or even justify participation by the plaintiff district in the high-school funds raised in any county under the Barnes law or any other law. Plaintiff's relief must come from the legislature.

The writ of mandamus is denied.