No. 42,082

Fred I. Bowers and Juanita F. Bowers, husband and wife, and Eugene Cumley, *Appellees,* v. J. L. Gardner, E. E. Baird, A. E. Howse, John Madden and John Stevens, as members of the governing body, the Board of City Commissioners of Wichita; the City of Wichita, Kansas, and C. H. Funk, City Clerk of said City, *Appellants.*

(360 P. 2d 17)

Opinion filed March 4, 1961.

*Eugene L. Pirtle,* of Wichita, argued the cause, and *Fred W. Aley* and *Charles A. Sparks, Jr.,* both of Wichita, were with him on the brief for the appellants.

*J. Francis Hesse,* of Wichita, argued the cause, and *Emmett A. Blaes, Roetzel Jochems, Robert G. Braden, James W. Sargent, Stanley E. Wisdom, Vincent L. Bogart, Cecil E. Merkel, John W. Brimer, Harry L. Hobson,* and *Bruce W. Zuercher,* all of Wichita, were with him on the brief for the appellees.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from an order of the district court of Sedgwick County which enjoined and restrained the City of Wichita from certifying and collecting special assessments against the property of the plaintiffs pursuant to ordinances creating a benefit district and apportioning and assessing the costs of acquiring certain lands against the tracts of land in the benefit district.

The underlying question presented is whether the Board of City Commissioners of the City of Wichita, in creating a benefit district for the widening of a portion of a city street, acted arbitrarily, capriciously and unreasonably in excluding certain property from the benefit district.

The appellants were the defendants in the trial court and appear as indicated in the title. They will be referred to collectively in this opinion as the City or as appellants.

The evidence upon which the decision in this case must rest is not in dispute. It was presented to the trial court by testimony and stipulation of the parties upon issues properly joined by the pleadings which are unnecessary to relate.

The plaintiffs (appellees), Fred I. Bowers and Juanita F. Bowers, husband and wife, and Eugene Cumley, are the owners of five tracts of real estate involved in proceedings which are the subject of this action. On November 19, 1957, the City of Wichita passed and adopted a resolution declaring it necessary to acquire certain private property in the City of Wichita for the purpose of widening Seneca Street from the south line of Pawnee Avenue to the center line of Esthner Avenue. It directed the City Engineer to make a survey of the land required for such improvement.

The procedure set forth in G. S. 1949, 26-201, and (now) G. S. 1959 Supp., 26-202, was followed. After duly publishing the resolution the City Commissioners of the City of Wichita passed and adopted Ordinance 23-531 on the 27th day of May, 1958. This ordinance approved the description of lands necessary for widening Seneca Street to 100 feet, and declared it necessary in the public interest to acquire such lands, a frontage strip 20 feet in width from each property, by condemnation proceedings.

On the 29th day of May, 1958, the City duly published Ordinance 23-531 in one of the local newspapers, thereby creating and constituting the benefit district against which the costs, or a portion of

the costs, for the acquisition should be assessed. Pursuant to such ordinance legal proceedings were conducted condemning the required land, and apportioning benefits allegedly accruing to the adjoining landowners. The total awards for the lands and other interests taken, plus the expenses and costs of the proceeding, were $41,562.87, of which 50% was assessed to the City of Wichita at large, and the other 50%, amounting to $20,781.44, was assessed against the properties in the benefit district which included the plaintiffs' properties. Of this $20,781.44 assessed against the property in the benefit district, $3,894.04 was assessed against the two tracts of the plaintiffs Bowers, and $3,502.38 was assessed against the three tracts of the plaintiff Cumley. Tract No. 1 owned by the Bowers was valued at $20,272. The 20-foot strip of property taken from the frontage of this tract, necessary to widen the right of way on Seneca Street to 50 feet from the center line, was appraised at $1,101, but the portion of the total costs assessed against the Bowers was $2,726.58. Similarly, for Tract No. 2 owned by the Bowers, the land was valued at $8,680; they were awarded $505 for the frontage strip taken; and assessed $1,167.46 by reason of the benefit to their property. A similar situation exists concerning the three tracts owned by Cumley.

The entire lineal distance of Seneca Street involved in the widening project is approximately three-fourths of a mile. Of the abutting property on both sides of Seneca Street, that included in the benefit district constitutes slightly more than 50% of the whole. The properties omitted and excluded from the benefit district are those whose owners, or predecessors in title, had previously dedicated, through platting or other means, the necessary 20-foot frontage strip to the City. These portions were not condemned nor did the landowners who dedicated these lands for street purposes receive payment therefor, but in platting the landowners were required by the City to dedicate the 20-foot additional right of way on Seneca Street.

On the 3rd day of February, 1959, the City Commissioners of the City of Wichita passed and adopted Ordinance 24-287 apportioning and assessing the costs for the acquisition of the lands needed to widen Seneca Street. On February 6, 1959, this ordinance was published. Thereafter on March 3, 1959, plaintiffs brought this action seeking to enjoin the defendants from proceeding under the assessment ordinance, and from certifying the special

assessment on the property of the plaintiffs to the County Clerk for placing on the tax rolls.

The trial court found *all abutting properties* on both sides of Seneca Street, between Pawnee and Esthner Avenues, were in fact benefited by the street widening, and that as a result of the omission of benefited properties from the benefit district, the City sought to levy the entire amount of the costs apportioned to private property against only a part (roughly 50%) of the properties actually benefited. It therefore concluded the action by the City was "arbitrary, capricious, erroneous and unreasonable," and enjoined the City "from the certification and collection of special assessments against the property of plaintiffs pursuant to Ordinances 23-531 and 24-287." Appeal has been duly perfected by the City, presenting the narrow issue indicated by the foregoing findings in this paragraph.

To further clarify the issue presented on appeal the following should be noted. No question is presented concerning the condemnation proceeding itself, or the awards made by the appraisers for the land taken. The evidence discloses that land zoned for residential purposes was appraised at 15 cents per square foot, and land zoned for light commercial purposes at 30 cents per square foot (this does not include the value of improvements on the land), but no objection is made concerning this basis for calculation. Neither is any objection made concerning the *apportionment* of the costs assessed as between the owners of land included in the benefit district, nor is any objection made concerning the *apportionment* of 50% of the costs assessed to the City and 50% to the property owners. The issue does not include street improvement costs, which may be incurred in further improving Seneca Street, that must be assessed against all abutting property owners in accordance with the provisions of G. S. 1949, 12-601.

The question simply stated is whether the governing body of the City has acted arbitrarily and capriciously in establishing the benefit district, by omitting those properties abutting the street (public improvement) whose owners or predecessors in title have previously dedicated or conveyed the necessary right of way to the City for street widening purposes.

The appellants contend the provisions of G. S. 1949, 26-201, clearly omit any express direction that the condemning authority include in its benefit district *all* lands abutting or adjacent to a public improvement for street widening purposes. It is argued "This statute leaves

the determination of the benefit district to the legislative or condemning body, and is to be distinguished from G. S. 1949, 12-601, which provides that in the spreading of assessments for *costs of construction* of street improvements, the benefits *shall* be assessed ratably and equally to the property on either side of the block." It is contended that "in the absence of an expressed statutory prohibition, the legislative determination of the boundaries and extent of the benefit district for spreading costs incurred in *condemning* lands for right of way purposes is final and is presumed to be valid and can not be judicially set aside except upon a finding of arbitrary and capricious abuse of legislative discretion."

On the surface there appears to be logic for the appellants' position. In this case the governing body of the City of Wichita followed the recommendations of its City Engineer, B. E. Smith. In the trial court he testified:

"Q. Mr. Smith could you have included the blank areas shown in plaintiffs' exhibit 7 in this benefit district?

"A. I think those areas could have been included.

"Q. Why did you leave them out of the benefit district?

"A. In establishing a district of this nature we are in this position. Some dedications are acquired through our effort, some dedications are acquired through platting, and some dedications are acquired because the landowner is willing and anxious to make the dedication. In effect if we included the blank areas in the proposed benefit district we would be telling those people who have contributed that they must participate in paying for right-of-way to be acquired from their neighbors after they have given right-of-ways themselves at no expense to anyone. That is a rather difficult thing to do and in our judgment, and purely in our judgment, unfair; and we find it very difficult to make a recommendation like that."

The appellees rely principally upon the case of *Engstrom v. City of Wichita*, 121 Kan. 122, 245 Pac. 1033. There a single property owner brought an action to enjoin proceedings to spread and collect special assessments against his property. Upon an agreed statement of facts the district court found that the City had acted unreasonably and granted an injunction. There the City of Wichita condemned a parcel of land bounded on the west by Fountain Avenue in order to widen a city street. It created a benefit district composed only of the remainder of the tract of land owned by the condemnee and assessed all costs against the remaining tract, excluding other nearby landowners from the district. In affirming the judgment of the trial court it was said on appeal:

"It is not remarkable that the trial court should conclude that it was unreasonable—in effect an arbitrary abuse of discretion—to take a considerable part of plaintiff's land for public use and then subject the remaining portion of it to the payment of *all* the damages for the land thus taken. If nobody thereabout other than plaintiff was to be benefited by the widening of the street, the widening of Fountain avenue was a mere capricious meddling with plaintiff's property. If the widening of the street was of benefit to other nearby property, and it seems logically impossible that it could have been otherwise, then it was arbitrary and unreasonable to create a benefit district solely of plaintiff's property and to relieve from the burden by exclusion from the district the other nearby property which was similarly benefited. (*Norwood v. Baker*, 172 U. S. 269, and Rose's notes thereto in 43 L. Ed. 443, *et seq.*)

"This conclusion does no violence to the general principle of law contended for by defendants. *Nor is it a sufficient defense for the seemingly unreasonable action of the city to argue that the benefited property across the street should bear no portion of the burden, for the reason that the narrow street already existing had been dedicated from the property on the west.* There was neither evidence nor stipulation covering that point; and on the scant record submitted to us this argued fact does not appear; nor would it, if true, justify the erection of a district comprised of no other property than plaintiff's to bear the burden of this public improvement . . ." (pp. 123, 124.) (Emphasis added.)

It is the appellees' position that it should make no difference whether one tract of land is involved, as in the *Engstrom* case, or fifty-one tracts are included in the benefit district, as here.

Conceding the italicized portion of the above quotation from the *Engstrom* case to be dictum, we nevertheless think the principles of law there applied control the decision in the instant case, and the learned trial judge was correct in his final conclusion that the action by the City was an arbitrary and capricious abuse of discretion, and thus unreasonable.

The City was presumably assessed "the amount of the benefit to the public generally" as required by G. S. 1959 Supp., 26-202, and not the amount of benefits otherwise chargeable against the tracts omitted from the benefit district.

It is unnecessary to dwell at length upon the rules of law asserted by the appellants. A general discussion of these rules was undertaken in *Newson v. City of Wichita*, 186 Kan. 444, 351 P. 2d 10, and some of the authorities upon which the appellants rely are cited in this opinion. Appellants also rely on *Kissane v. City of Anchorage*, 159 F. Supp. 733; and *Johnson County Comm'rs v. Robb*, 161 Kan. 683, 171 P. 2d 784.

By the provisions of G. S. 1949, 26-201, the governing body of

any city is authorized to condemn private property when it is deemed necessary to widen any street. It prescribes the procedure for condemning such property, and then specifically provides:

". . . If in the opinion of the governing body any property is specially benefited by the proposed improvement such property shall be designated as the benefit district and the same shall be fixed by ordinance . . ."

This is a legislative authorization for the City to establish a benefit district, but in the exercise of its discretion, the governing body of the City cannot act arbitrarily and capriciously. This is conceded by the appellants.

A more detailed analysis of the facts presented by the record herein will at once disclose the applicability of the principles set forth in the *Engstrom* case. Awards made for the lands taken in the condemnation proceeding were fairly consistent, except for Tract No. 42 owned by Leo Walters and Tract No. 8 owned by J. D. Henning. Walters was awarded $14,544; his land valuation was $2,450; and he was assessed $329.52 by reason of the benefit to his property. Henning was awarded $5,050; his land valuation was $3,060; and he was assessed $411.57 by reason of the benefit to his property. (Explained by the fact that improvements on the 20-foot frontage strip of land taken had to be razed, and land valuations did not include the improvements.) In part this accounts for the fact that some other property owners in the benefit district were assessed more than they were awarded for the property taken in the condemnation proceeding.

The only light commercial tracts included within the benefit district were the properties of the appellees. Now as an illustration, if we consider Tract No. 1 owned by the Bowers, for which they were awarded $1,101 and assessed $2,726.58, it is apparent they were assessed for the benefits to their property $1,625.58 more than they were paid for the land taken. Abutting property directly across the street from Tract No. 1, also zoned "light commercial" and not included in the benefit district, was without a doubt improved correspondingly. In effect, Bowers are paying for the improvement of the property across the street.

Richard R. Santee, one of the commissioners appointed to appraise the lands and assess the costs to those in the benefit district, testified the property owners on both sides of Seneca Street all the way from Pawnee to Esthner Avenues were benefited by the public improvement, and the owner of a tract on one side of the street

was benefited the same as the owner of a tract on the other side of the street.

The trial court was well within the evidence presented by the record herein, when it found all abutting properties on both sides of Seneca Street, between Pawnee and Esthner Avenues, were in fact benefited by widening the street. It seems logically impossible that it could be otherwise. We therefore hold, on the authority of the *Engstrom* case, it was arbitrary and unreasonable to create a benefit district comprised of properties on Seneca Street representing roughly only 50% of the lineal footage and to relieve from the burden other properties which were similarly benefited by excluding them from the district.

If the authorities upon which the appellants rely for their argument are any criterion, it appears the creation of a benefit district by the governing body of a city under 26-201, *supra,* is confused with the power of the commissioners appointed to "assess against the city the amount of the benefit to the public generally and the remainder of such damages *against the property within the benefit district which shall in the opinion of the appraisers be especially benefited by the proposed improvement*" (emphasis added) under 26-202, *supra.* We hasten to add, in view of our decision, nothing in this opinion is to be construed as directing the commissioners *how* to assess the costs (damages) against the properties benefited by the public improvement in question pursuant to 26-202, *supra.*

The appellants insist that the trial court erred in overruling their demurrer to the evidence in the lower court. Assuming, without conceding, that the appellees' evidence was insufficient, the appellants did not rest upon their demurrer but proceeded in the trial court and presented their evidence. Under these circumstances any defects which may have existed in the appellees' evidence were cured by the appellants' evidence. (*Weber v. Wilson,* 187 Kan. 214, 356 P. 2d 659; and see, *Ziegelasch v. Durr,* 183 Kan. 233, 326 P. 2d 295; *Ogilvie v. Mangels,* 183 Kan. 733, 332 P. 2d 581; and *Liberty Glass Co. v. Bath,* 187 Kan. 54, 353 P. 2d 786.)

Since all errors specified by the appellants are premised upon an erroneous determination by the trial court of the underlying issue in this case, they have not been considered separately and collectively fall by the decision herein as having no merit.

The judgment of the lower court is affirmed.